FILED
2015 Sep-15 AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:  2:14-cv-01330-SGC |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

The plaintiff, Michael DeWayne Riley, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Supplemental Security Income ("SSI").  Riley timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C § 1383(c)(3).  For the reasons discussed below, the Commissioner's decision is due to be affirmed.

### I. Procedural History

Riley has a high school education and has previously worked as a carpenter and laborer.  (Tr. at 113).  In his application for SSI, he alleged he became disabled on January 1, 2008.  (*Id.* at 83).  After his claim was denied, Riley requested a hearing before an administrative law judge ("ALJ").  (*Id.* at 49-78).  During the hearing, Riley amended the onset date of his disability to May 23, 2011, the date he filed his application for SSI, and claimed he was unable to work primarily because  of pain in his neck, shoulders, and lower back.  (*Id.* at 24, 33).  Following the hearing, the ALJ denied Riley's claim.  (*Id.* at 7-16).  Riley was 46 years old when the ALJ issued her decision.  (*Id.* at 16, 83).  After the Appeals Council declined to review the ALJ's

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 9).

decision (*id.* at 1-3), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

Thereafter, Riley initiated this action, proceeding *pro se*, by filing a General Complaint Form for *Pro Se* Litigants.  (Doc. 1).  In his complaint, Riley does not identify any alleged errors in his administrative proceeding but rather, merely requests reversal of the decision of the Appeals Council.  (*Id.* at 3).  After the Commissioner answered (Doc. 7), the Clerk of Court entered a briefing letter (Doc. 8).  However, Riley did not file a brief in support of his complaint. Furthermore, although the Commissioner filed a brief in support of the decision denying Riley's claim (Doc. 10), Riley did not reply to the brief.  All deadlines for submitting briefs have passed, and this matter is ripe for adjudication.

## II. <u>Statutory and Regulatory Framework</u>

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1)(A); *see also id.* at § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits.  20 C.F.R. § 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity."  *Id.* at § 416.920(a)(4)(i).  "Under the first step, the claimant has the burden to show that [he] is not currently engaged in substantial gainful activity."  *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed. App'x 862, 863 (11th Cir. 2012).  If the claimant is engaged in

substantial gainful activity, the Commissioner will find the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(i) and (b).  At the first step, the ALJ determined Riley has not engaged in substantial gainful activity since May 23, 2011.  (Tr. at 12).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months.  20 C.F.R. § 416.920(a)(4)(ii).  An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."  *Id.* at § 416.908; *see also* 42 U.S.C. § 1382c(a)(3)(D).  An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ."  20 C.F.R. § 416.920(c).[2]  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 416.921(a).  A claimant may be found disabled based on a combination of impairments, even though none of the individual impairments alone is disabling.  20 C.F.R. § 416.923.  The claimant bears the burden of providing medical evidence demonstrating an

---

[2] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeking, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 416.921(b).

impairment and its severity. *Id.* at §§ 416.912(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at §§ 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Riley has the following severe impairments: degenerative disc disease, degenerative joint disease, arthralgia, and hypertension. (Tr. at 12).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii); *see also id.* at §§ 416.925 and 416.926. The claimant bears the burden of proving his impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 Fed. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will find the claimant is disabled. 20 C.F.R §§ 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Riley does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 12).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 416.920(e); *see also id.* at § 416.945. A claimant's RFC is the most he can do despite his impairments. *See id.* § 416.945(a)(1). At the fourth step, the Commissioner will compare his assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 416.920(a)(4)(iv) and (e), 416.960(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 416.960(b)(1). The claimant bears the burden of proving his impairment prevents him

4

from performing his past relevant work. *Reynolds-Buckley*, 457 Fed. App'x at 863. If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv), 416.960(b)(3). Before proceeding to the fourth step, the ALJ determined Riley has the RFC to perform light work as defined in 20 C.F.R. 416.967(b),[3] except he can lift twenty pounds occasionally and ten pounds frequently; can sit for six hours in an eight-hour day; can stand and walk for six hours in an eight-hour day; should never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, crouch, kneel, or crawl; must avoid concentrated exposure to temperature extremes and workplace hazards such as dangerous machinery and unprotected heights; can maintain attention and concentration for two-hour periods at a time; must avoid prolonged or repetitive rotation, flexion, or hyperextension of the neck; and may frequently push, pull, and reach. (Tr. at 12-14). At the fourth step, the ALJ determined Riley is unable to perform his past relevant work. (*Id.* at 14).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v) and (g)(1), 416.960(c)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* §§ 416.920(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* At the fifth step, considering Riley's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

numbers in the national economy that Riley can perform, such as those of a ticket seller, storage facility rental clerk, and merchandise price marker.  (Tr. at 15).  Therefore, the ALJ concluded Riley is not disabled.  (*Id.* at 16).

### III. <u>Standard of Review</u>

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*  It is "more than a scintilla, but less than a preponderance."  *Id.*  A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings.  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).  "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46

(11th Cir. 1991).

## IV. <u>Discussion</u>

As noted, Riley has failed to submit any brief, argument, list of authorities, or statement in support of his request for relief.  Riley has failed to articulate any errors in the ALJ's opinion despite having been afforded three opportunities to do so: (1) his complaint, (2) an initial brief in support of his request for relief, and (3) a reply to the Commissioner's brief.

Nonetheless, the undersigned has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  The undersigned concludes the ALJ applied the proper legal standards and that her decision is supported by substantial evidence.  Accordingly, the ALJ did not err in concluding Riley is not disabled.

## V. <u>Conclusion</u>

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable law.  Therefore, that decision is due to be **AFFIRMED**.  A separate order will be entered.

**DONE** this 15th day of September, 2015.

_Staci G. Cornelius_

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE